IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DON FRED BALDWIN,<br><br>Defendant. | Cause No. CR 20-05-GF-BMM<br><br>ORDER |

## BACKGROUND

Don Fred Baldwin ("Baldwin") moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 61.) Baldwin is currently serving a sentence of 60 months for distribution of methamphetamine. (Doc. 53.) Baldwin has served approximately 31 months of his sentence. (Doc. 85 at 4.) Baldwin's scheduled release date is August 23, 2023. *See* Inmate Locator, www.bop.gov/inmateloc (last visited Oct. 7, 2022). Baldwin is currently incarcerated at Fort Worth Federal Medical Center ("FMC") in Fort Worth, Texas. *Id.*

### I.    Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21

1

U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Baldwin's motion.

Where, as here, a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number

of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]."

3

*Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal

4

district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Baldwin's sentence.

## II. Whether Baldwin has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it has discretion to provide relief, Baldwin still must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Baldwin urges the Court to release him on the basis of his spouse and daughter's disabilities and health problems. (Doc. 65 at 7; Doc. 65-1 at 1.) Baldwin's wife is disabled and suffered a brain aneurism in approximately May 2022. (Doc. 65-1 at 1.) Baldwin's daughter is disabled as well; Baldwin and his wife are "all she has." (*Id.*) Baldwin also cites in support of his motion his lack of a disciplinary record in prison and his completion of educational and treatment programming while incarcerated. (Doc. 65 at 5–7.)

Baldwin further points to his serious disabilities and health problems. Baldwin suffers from hepatitis C. (Doc. 57 at 2.) Baldwin lost both his legs in an accident with a freight train. (*Id.*) Baldwin sustained a neck fracture and shoulder injury from a subsequent car accident. (*Id.*) Baldwin also acquired a brain injury as a teenager. (*Id.*) He is obese and suffers from heart conditions and diminished lung capacity. (*Id.*; Doc. 65-1 at 10.) Baldwin is three feet tall and has gained over 110 pounds since his most recent arrest. (Doc. 65-1 at 1.) Baldwin also states that his shoulder issues cause him significant pain and limit his mobility. (*Id.*; Doc. 61 at 5.) Baldwin asserts that he has been unable to obtain a needed shoulder surgery while

6

incarcerated at FMC. (Doc. 61 at 5.)

The Court determines that extraordinary and compelling reasons exist to reduce Baldwin's sentence, but not to grant Baldwin's motion for compassionate release effective immediately. In light of the extraordinary and compelling reasons presented by Baldwin's disabilities, the disabilities and health problems of his spouse and daughter, and the evidence of Baldwin's rehabilitation in confinement, the Court will reduce Baldwin's sentence to 54 months.

Reducing Baldwin's sentence to 54 months comports with the § 3553(a) sentencing factors. Baldwin was a criminal history category four. (Doc. 45 at 13.) Baldwin's total offense level was calculated to be 31 based on the quantity of methamphetamine. (*Id.* at 22.) Baldwin has served over 31 months of his sentence. The time Baldwin has served reflects the seriousness of his offense, promotes respect for the law, and fulfills the need for "just punishment." § 3553(a)(1), (a)(2)(A).

"[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Baldwin has acknowledged the seriousness of his offense. (Doc. 45 at 5–6; Doc. 65-1 at 1.) Baldwin has accumulated no disciplinary record in prison. (Doc. 65 at 5.) Baldwin has obtained certificates of completion for programming and treatment including for drug abuse, alcoholism, traumatic stress and resilience, anger management, emotion

self-regulation, and criminal thinking. (Doc. 65-1 at 2–9.) Baldwin's lack of disciplinary record and completion of education and treatment programming while serving his sentence address the needs to "protect the public" and to "provide the defendant with needed education or vocational training" and "other correctional treatment." § 3553(a)(2)(C), (a)(2)(D). These considerations, in combination with the serious disabilities and health concerns of Baldwin, his wife, and their daughter, militate in favor of a reduced sentence.

The Court has granted, in part, other compassionate release requests where a defendant has prior felony drug offenses and has pled guilty to methamphetamine conspiracy, distribution, and/or possession offenses. *See, e.g.*, *United States v. Romero*, 4:12-cr-51-BMM, Doc. 240 (sentence reduced by 55 months); *United States v. Pratt*, 4:12-cr-82-BMM, Doc. 325 (sentence reduced by 15 months).

Accordingly, **IT IS ORDERED:**

Baldwin's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Baldwin's sentence to 54 months.

DATED this 11th day of October, 2022.

_____
Brian Morris, Chief District Judge
United States District Court